# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DAVID RALPH HOEFELMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 2:22-cv-01216-LSC |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner,** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF OPINION

### I.   Introduction

On September 19, 2023, David Hoefelman ("Hoefelman" or "Plaintiff") filed with the Clerk of this Court a complaint against the Acting Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). (Doc. 1.) Hoefelman appeals the Commissioner's decision denying Hoefelman's claim for a period of children's disability insurance benefits ("CDB"). (Doc. 1; Doc. 15 at 1-2.) Hoefelman timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Background

Hoefelman has completed two years of college (tr. 229) and has previously worked as a sales associate in various stores. (Tr. at 248–51.) He was 49 years old at the time of his application for a period of disability and CDB on July 10, 2018. (Tr. at 105-09.) Hoefelman's application for benefits alleged a disability onset date of September 24, 1968, which he later amended to September 1, 1990. (Tr. at 107, 127.)

An individual is entitled to benefits as the child and dependent of an insured person who is entitled to old-age or disability benefits if the individual is "18 years or older and ha[s] a disability that began before [the individual] became 22 years old." 20 C.F.R. § 404.350(a)(5). The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for a period of disability. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator employs the same process set forth in 20 C.F.R. § 404.1520 to determine whether an adult-child claimant is disabled. *Edwards v. Kijakazi*, No. CV 20-0614-MU, 2022 WL 99984, at *3 (S.D. Ala. Jan. 10, 2022).

The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the

evaluator to determine whether the claimant is engaged in substantial gainful activity ("SGA"). *Id*. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the claimant's medically determinable physical and mental impairments. *Id*. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *Id*. The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial evidence in the record" adequately supported the finding that the claimant was not disabled).

Similarly, the third step requires the evaluator to consider whether the claimant's impairment or combination of impairments meets or is medically equal to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id*.

If the claimant's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the claimant's

residual functional capacity ("RFC") before proceeding to the fourth step. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the claimant has the RFC to perform the requirements of his past relevant work. *See id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *Id*.

The fifth and final step requires the evaluator to consider the claimant's RFC, age, education, and work experience in order to determine whether the claimant can make an adjustment to other work. *Id*. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can perform other work, the evaluator will find him not disabled. *Id*.; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the claimant cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the five-step sequential evaluation process, the Administrative Law Judge ("ALJ") established that Plaintiff has engaged in SGA since his alleged disability onset date. (Tr. at 17-18.) The ALJ stated that "to qualify for disabled adult child's benefits, the claimant must be continuously disabled from before age 22 up until they first qualified for disabled adult child benefits." (Tr. 17.) Relying on the record, the ALJ determined that Plaintiff turned 22 on September 24, 1990. (*Id*.) The ALJ determined that Plaintiff first qualified for disabled adult child benefits on the

wage earner's date of death, which in this case was June 5, 2018. (Tr. at 17, 106.)

Also, the ALJ found that Plaintiff's earning records reflected work activity in 1998, 1999, and 2000. (Tr. 17.) Relying on Plaintiff's accounts of his work activity and earnings, the ALJ determined that Plaintiff worked at the Warner Brothers Store in a shopping mall from November 1, 1998, through December 31, 1998, earning $1,617.00 total at $808.50 per month. (*Id.*) The ALJ also determined that Plaintiff continued working at the Warner Brothers Store from January 1, 1999, through November 1, 1999, earning $6,836.92 at $683 per month. (*Id.*) The ALJ determined that during Plaintiff's periods of work at the Warner Brothers Store, there was "no indication that he received any special considerations from his employer or that he did not fully earn his earnings." (Tr. 18.) The ALJ explained that to be considered SGA, earning thresholds were $500 per month from 1998 through June 1999 and $700 per month from July 1999 through December 2000. (Tr. 17.) Considering these thresholds during Plaintiff's work at the Warner Brothers Store, the ALJ concluded that Plaintiff earned above SGA levels of earnings from November 1998 through June 1999. (Tr. 18.)

Also relying on Plaintiff's earning records, the ALJ found that Plaintiff worked at the Discovery Channel Store from November 1, 1999, through December 31, 1999, earning $1,496.88 at $748.44 per month (Tr. 18.) The ALJ determined that, based on Plaintiff's description of his job, the work at the Discovery Channel

store was "clearly [an] unsuccessful work attempt." (Tr. 18.)

However, the ALJ determined that the Warner Brothers Store rehired Plaintiff in January 2000 and that he worked there through May 2000, earning $3,818.21 total at $763.64 per month. (*Id.*) The ALJ found that because the earning threshold for SGA was $700 per month from July 1999 through December 2000, Plaintiff earned above SGA levels during this period from January 2000 through May 2000. (Tr. at 17-18.)

From these findings, the ALJ concluded the five-step evaluation process by stating that Plaintiff "engaged in SGA from November 1998 through June 1999 and again from January 2000 through May 2000. Accordingly, the claimant was not continuously disabled until he first qualified for child disability benefits." (Tr. 18.)

### III. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided that those findings are supported by substantial evidence, but applies close scrutiny to the legal

conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *See Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1989)).

## IV. Discussion

Plaintiff argues that the ALJ's decision should be reversed and remanded because 1) the ALJ failed to develop the record as to whether Plaintiff's work activity was SGA and 2) the ALJ's reason for denying Plaintiff's child disability benefits is contrary to the Social Security Act and regulations. (Doc. 15 at 5, 11.)

### a. Substantial Gainful Activity

Plaintiff first argues that the ALJ erred in concluding that he engaged in SGA. (Doc. 15 at 4.) SGA is "work activity that is both substantial and gainful," as defined by the Social Security Administration ("SSA"):

> (a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
> (b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. § 404.1572. To determine whether a claimant has performed SGA, the SSA normally considers whether the claimant's earnings from work activity exceed the minimum SGA thresholds. *See id*. at § 404.1574(b). The SSA also considers the nature of the work, how well the claimant performs the work, whether the work is done under special conditions, whether the claimant is self-employed, and the time spent on the work. *Id*. at § 404.1573.

### i. Special conditions

Plaintiff argues that the ALJ did not consider evidence of special conditions during Plaintiff's employment at the Warner Brothers Store. (Doc. 15 at 5-6.) For example, Plaintiff described some of his duties as demonstrating products, folding clothes, and sweeping and tidying up around the store. (Tr. at 249.) He argues that these duties were "somewhat unique" for a sales associate and that they should have alerted the ALJ that his employer might have made a subsidy for him. (Doc. 15 at 6-7.)

A claimant's work "may not show the ability to to do substantial gainful activity if it is performed under special conditions." *Martinez v. Comm'r of Soc. Sec.*, 132 F. Appx. 310, 313 (11th Cir. 2005). Nonetheless, "work done under special conditions may show that [a claimant] ha[s] the necessary skills and ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573(c). Special conditions can include receiving special assistance from other employees in the performance of duties and being allowed to work irregular hours or take frequent rest periods. *Id.* §§ 404.1573(c)(1), (2).

Even if Plaintiff performed "somewhat unique" duties at work, that does not preclude a finding that he engaged in SGA. The language of 20 C.F.R. § 404.1573(c) indicates that a claimant may still engage in SGA notwithstanding working under special conditions. Thus, even considering Plaintiff's alleged special conditions, substantial evidence still supports the ALJ's determination that Plaintiff engaged in

SGA. *See Martinez*, 132 F. Appx. at 313 (stating that substantial evidence supported the ALJ's determination that claimant's work was at SGA levels, even though claimant stated that his employer made special accommodations for him).

Plaintiff also argues that he described "specially arranged circumstances that enabled him to work" when he described his dependency on his father. (Doc. 15 at 8.) Plaintiff asserts this should have prompted the ALJ to clarify Plaintiff's statements regarding transportation and assistance received from his father. (Doc. 15 at 9.) Plaintiff asserts that he was "very dependent" on his father and relied on his father to keep up with his schedule and get him ready for work. (Tr. at 254.) He also asserts that his father "[s]ometimes drove [him] to work," but that he also drove himself. (*Id.*) Special conditions relevant to a claimant's ability to engage in SGA can also include specially arranged circumstances, "for example, [if] other persons helped [the claimant] prepare for or get to and from . . . work." 20 C.F.R. § 404.1573(c)(4).

Similar to Plaintiff's claimed unique work duties, however, a finding of special assistance does not bar a finding that Plaintiff engaged in SGA. The ALJ did consider Plaintiff's described dependency on his father. (Tr. at 18.) Although the ALJ found that Plaintiff "may have been given assistance in transportation and recommendations for proper attire from his father," the ALJ determined that Plaintiff nonetheless engaged in SGA. (*Id.*) Because special assistance *may* indicate a finding

of inability to engage in SGA, but does not *compel* it, the ALJ's finding was supported by substantial evidence. *See Martinez*, F. Appx 310 at 313.

### ii. Impairment related work expenses

Plaintiff also argues that the ALJ erred in not considering the possibility of any impairment related work expenses ("IRWE") of plaintiff during the periods the ALJ determined he engaged in SGA. (Doc. 15 at 10.)

When reviewing a claimant's earnings to determine if they meet the SGA threshold, the SSA will deduct "the reasonable cost of any impairment-related work expenses from [the claimant's] gross earnings." 20 C.F.R. § 404.1574(b)(1); *see also* 20 C.F.R. § 404.1576(a). To qualify for deduction, the claimant himself must "pay the cost of the item or service" claimed to be an impairment-related work expense. 20. C.F.R. § 404.1576(b)(3). The SSA verifies the amount of charges for the items or services, and the claimant must "provide proof that [he] paid for the items or services." 20. C.F.R. § 404.1576(g). Although Plaintiff indicated that he took Valium and Prozac (tr. at 254), he did not prove that he paid for those medications himself. The record contains no indication as to how the medications were actually paid for. To have expenses for the medications deducted from the SGA earning determination, Plaintiff must have given proof that he paid for them. *See* 20. C.F.R. § 404.1576(g). As such, there is substantial evidence that the ALJ properly determined Plaintiff's earnings were above SGA threshold without deducting the

cost of Valium and Prozac as IRWE.

Plaintiff argues that the ALJ should have investigated whether he was actually paying for the Valium and Prozac, "given the fact that [Plaintiff] was earning only $39 per month over SGA in one period, and $163 during another period." (Doc. 21 at 3.) However, the ALJ reviewed the entire record and determined that Plaintiff's earnings nonetheless were above SGA levels. (*See* Tr. at 14, 17-18.) Under the applicable standard of review, the record as a whole indicates the ALJ's determination that Plaintiff earned above the SGA threshold was supported by substantial evidence.

### b. Social Security Act and regulations

Plaintiff further argues that the ALJ's reasons for denying benefits are "[c]ontrary to the Social Security Act and Regulations." (Doc. 15 at 11.)

#### i. Reliance on POMS Provision

Plaintiff alleges the ALJ should not have relied on the SSA's Program Operations Manual System (POMS) in finding Plaintiff engaged in SGA. (Doc. 15 at 13-14.) The ALJ cited POMS DI 10115.022, which provides:

> Work activity will be evaluated using Substantial Gainful Activity (SGA) rules. . . . If the applicant has never been entitled to CDB benefits and the onset date cannot be established prior to age 22 because SGA work activity was performed after age 22, the claim will be denied for SGA purposes.

POMS DI 10115.022(B). The ALJ determined that Plaintiff's onset date could not

be established prior to age 22 because Plaintiff engaged in SGA after age 22. (Tr. at 17-18.)

"While the POMS does not have the force of law, it can be persuasive." *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003). So while the ALJ was not required to reference the POMS provision, she did not do so improperly. Therefore, Plaintiff's argument that the ALJ erred by citing to a POMS provision is without merit.

### ii. Social Security Act Definition of "Disability"

Plaintiff further argues that the ALJ's interpretation of POMS 10115.022 is inconsistent with the definition of "disability" in 42 U.S.C. § 423(d)(1)(A). (Doc. 15 at 14-16.) That section of the Social Security Act defines "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

While 42 U.S.C. § 423(d)(1)(A) does define "disability," the ALJ nonetheless follows the five-step sequential process established in 20 C.F.R. §§ 404.1520 and 416.920(a) in determining whether a claimant is disabled. *See, e.g.*, *Gregory v. Comm'r, Soc. Sec. Admin.*, No. 21-14103, 2023 WL 452674, at *7 (11th Cir. July 14, 2023) (beginning with the definition of "disability" in 42 U.S.C. 423(d)(1)(A)

and then outlining the five-step process the SSA must follow); *Spencer*, 2022 WL 4449329 at *1-2 (N.D. Ala. Sept. 23, 2022) (same). Courts regularly apply both the definition in 42 U.S.C. 423(d)(1)(A) and the five-step sequential process when reviewing determinations of the ALJ. This indicates that the statutory definition of disability and the five-step process to determine disability are not exclusive; rather, they are read together in disability determinations.

The first step of the five-step process requires the ALJ to determine whether the claimant is engaged in SGA during the relevant period. *Spencer*, 2022 WL 4449329 at *2 ("First, the Commissioner must determine whether the claimant is engaged in 'substantial gainful activity.' . . . If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled.") (citations omitted). Here, the ALJ determined that Plaintiff *did* engage in SGA during the relevant period, so the ALJ found that Plaintiff was not disabled. (Tr. at 17.) The definition of disability in 42 U.S.C. 423(d)(1)(A) does not preclude the ALJ's finding, which was pursuant to the mandatory five-step evaluation process.

## V.  Conclusion

Upon review of the administrative record, and considering Plaintiff's argument, this Court finds the Commissioner's decision is supported by substantial evidence and in accordance with the applicable law. For the foregoing reasons, this Court hereby AFFIRMS the Commissioner's decision. A separate order consistent

with this Opinion (doc. 22) will be entered contemporaneously herewith.

**DONE** and **ORDERED** on September 26, 2023.

_____
L. Scott Coogler
United States District Judge

215708